UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 5:24-cv-02055-DOC-MAA | Date: December 5, 2024 |
| Title: *Chris M. Cone v. Corcoran State Prison Warden* | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Cindy Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**      **Order to Show Cause re: Apparent Defects in Petition**

Sometime on or around September 4, 2024, Petitioner Chris M. Cone ("Petitioner"), acting *pro se*, constructively filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] ("Petition," ECF No. 1.) The Petition was mailed to the United States District Court for the Northern District of California, which filed the Petition under case number 3:24-cv-06570-LB (PR). The case was transferred to this Court on September 24, 2024. (ECF No. 5.) On September 30, 2024, the Court granted Petitioner's Request for Leave to Proceed *in Forma Pauperis* (ECF No. 2). (ECF No. 8.)

The Petition alleges approximately four "grounds" for habeas relief: (1) the judge in Petitioner's criminal case "denied mental health court" and "lied to say [Petitioner] had not been eligible" for "diversion," because the judge was married to a District Attorney; (2) Petitioner was denied a preliminary hearing at which to "provide [his] witnesses and review videos from store"; (3) Petitioner "was given 10 years for a non-violent petty theft and upper term based on Officer Brett Pendleton['s] opinions not facts and Officer Pendleton trespassed, assaulted & stole [Petitioner's] property"; and (4) Petitioner's "public defender failed to properly represent [Petitioner] and demand [a] preliminary hearing." (Pet. 5.)[2] As a result, Petitioner "lost 5 years of [his] life[,] a[n] RV & a 2016 Buick Verano[,] was violently assaulted over 30 times[,] and ha[s] completed base term &

---

[1] Petitioner dated the Petition next to his signature as having been signed on September 4, 2024. (Pet. 6.) However, the envelope in which the Petition was mailed to the Court was postmarked *before* the signature date, on September 3, 2024. (ECF No. 1-1 at 1.) There is also a handwritten date of August 31, 2024 on the back of that envelope. (*Id.* at 2.)

[2] Pinpoint citations refer to the page numbers in the CM/ECF-generated headers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:24-cv-02055-DOC-MAA                              Date: December 5, 2024

Title:     *Chris M. Cone v. Corcoran State Prison Warden*

obtained college and trade [illegible] to support [him]self when paroled." (*Id.*)  Petitioner also asserts that he was "wrongly arrested" and that he is innocent. (*Id*. at 4.)

The Petition indicates that Petitioner was convicted on September 18, 2019, in Riverside Superior Court case number BAF1900981. (*Id.* at 1.)  It also indicates that he appealed this conviction in 2019 to the Court of Appeal, but does not provide an appellate case number. (*Id.* at 2–3.)  The Petition further indicates that this appeal was denied, and that he did not appeal to the California Supreme Court. (*Id.* at 3.)  The Petition also suggests that Petitioner sought habeas relief at the "county and state level," which may have been denied on June 22 and August 10, 2024. (*Id.*) Other prior proceedings listed include a civil rights action brought under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of California for "assault by prison guards" (case number 1:24-cv-00799-BAM) (the "Eastern District Case") and what appear to be administrative proceedings with the County of Riverside involving Petitioner's attempt to obtain the return of his vehicles. (*Id.* at 4.)  In response to the question, "[i]s any petition, appeal or other post-conviction proceeding now pending in any court?", Petitioner responded "yes," provided contact information for people who may be public defenders, and suggested that there might be an upcoming status conference or other court date. (*Id.*)

In contrast to the Petition, the docket for Petitioner's criminal case in the Riverside Superior Court indicates that Petitioner was arrested on September 18, 2019, not convicted on that date. RIVERSIDE SUPERIOR COURT PUBLIC ACCESS – CRIMINAL, https://public-access.riverside.courts.ca.gov/OpenAccess/CaseSearch.asp?CourtCode=C&RivInd=IND (search for BAF1900981) ("Case BAF1900981 – Defendants" section) (last visited Nov. 26, 2024).[3]  He appears to have pleaded guilty on March 3, 2020. *Id*. ("Case BAF1900981 - CONE, CHRIS MONROE - Actions & Minutes" section).  By March 12, 2020, he had apparently been sentenced. *Id*. (reflecting that the "abstract of judgment-prison commitment" was filed on that date).  The docket indicates that a notice of appeal was received on July 7, 2020, which was rejected the next

---

[3] The Court takes judicial notice of the Riverside Superior Court's docket.  *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that court may take judicial notice of "documents on file in federal or state courts"); *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001) (taking judicial notice of "relevant state court documents" because they "have a direct relationship to" federal habeas proceedings), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:24-cv-02055-DOC-MAA                                                                                  Date: December 5, 2024

Title:       _Chris M. Cone v. Corcoran State Prison Warden_

day as untimely. *Id.* ("Notice of appeal received from Chris Cone on 07/07/2020 not filed - untimely (Felony CRC 8.308)."). The docket suggests that correspondence was received from Petitioner on two occasions in 2022, one occasion in 2023, and possibly two occasions in 2024 to date. *Id.* However, there is no indication, at least under this case number, that any of these documents were treated as petitions seeking habeas relief. *Id.* Nor are there any upcoming court hearings scheduled in association with this case number, and the last hearing held was on July 24, 2024, which was in connection with correspondence received from Petitioner. *Id.* Further, this Court has independently searched the online dockets of the state Courts of Appeal and the California Supreme Court—and has not located any records of any case associated with this criminal case number or with Petitioner's name.[4]

The Petition therefore appears to suffer from two significant procedural defects that must be addressed by Petitioner before this case can proceed: (1) Petitioner does not appear to have exhausted his state court remedies, and (2) his claims may be time-barred. These potential defects are discussed in detail below. Unless Petitioner can provide information showing that neither of these issues bars his claims, the Court will recommend dismissal of this case. The Court therefore **ORDERS** Petitioner to respond to the following issues by no later than **January 6, 2025**.

**Wholly Unexhausted Petition**

Setting aside the question of whether the Petition presents cognizable grounds for federal habeas relief, it appears that the Petition may be wholly unexhausted.

---

[4] The Court notes that Petitioner has filed four additional documents since his Request for Leave to Proceed *in Forma Pauperis* was granted on September 30, 2024: (1) a signed form consenting to the jurisdiction of a magistrate judge, on which Petitioner indicated that this case is related to the Eastern District Case (ECF No. 9); (2) a document of which the first page appears to be a notice from prison officials to Petitioner advising him that his mailing to the ACLU in Miami, Florida was returned as undeliverable by the United States Post Office (ECF No. 10); (3) a copy of a "Release Date Change Notice" for Petitioner dated October 29, 2024 (ECF No. 11); and (4) what appears to be a handwritten letter directed to the assigned United State Magistrate Judge (ECF No. 12). The Court has reviewed these documents—despite the fact that, for at least three of these documents, there is no rule that would authorize their filing at this time—and found nothing to address any of the problems presented by the Petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:24-cv-02055-DOC-MAA                                       Date: December 5, 2024

Title:     *Chris M. Cone v. Corcoran State Prison Warden*

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts "in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation and quotation marks omitted). For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his federal claims to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if the petitioner presents "both the operative facts and the federal legal theory on which his claim is based." *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citation and quotation marks omitted); *accord Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). The Court may raise exhaustion issues *sua sponte* and may summarily dismiss a petition without prejudice on exhaustion grounds. *See Stone v. San Francisco*, 968 F.2d 850, 855–56 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Here, the Petition clearly indicates that Petitioner did not pursue a direct appeal to the California Supreme Court. (Pet. 3.) Further, while the Petition indicates that a direct appeal was filed in the Court of Appeal (*id*. at 2), and that some type of post-conviction habeas relief was sought (*id*. at 3), no details are provided about the specific courts in which such relief was sought, the case numbers under which records may be found, or the claims raised. Thus, the Petition includes no information to suggest that Petitioner has fairly presented his claims to the Supreme Court of California, which he must do before he may maintain a suit in this federal district court. *See Gatlin*, 189 F.3d at 888. If, as it appears from the Petition, Petitioner's claims are wholly unexhausted, this case may be subject to summary dismissal without prejudice. *See* 28 U.S.C. § 2254(b)(1)(A).

Before the Court makes a recommendation to the District Judge regarding this issue, the Court will afford Petitioner an opportunity to respond. Petitioner is **ORDERED** to show cause why the Court should not recommend dismissal of the Petition for failure to exhaust claims in state court. Petitioner shall respond to this Order to Show Cause in writing by no later than **January 6, 2025**. Petitioner may discharge the Order to Show Cause by filing one of the following three documents:

(1) <u>Notice of Dismissal</u>. Petitioner may file a notice of dismissal of his Petition. The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:24-cv-02055-DOC-MAA                                             Date:  December 5, 2024

Title:       _Chris M. Cone v. Corcoran State Prison Warden_

      (2) Request for _Rhines_ Stay.  Petitioner may file a request for a stay pursuant to _Rhines v. Weber_, 544 U.S. 269 (2005).  If Petitioner elects this option, he must make the requisite showing of good cause for his failure to exhaust his unexhausted claims in state court prior to filing his Petition.  He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless—for example, by citing the Supreme Court authority upon which he is relying in support of that claim.  Finally, he must demonstrate to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay.  _See Rhines_, 544 U.S. at 277–78.

      (3) Response to Order to Show Cause.  If Petitioner contends that he has exhausted his state-court remedies, he may explain this clearly in a written response to this Order to Show Cause.  Petitioner should attach to his response copies of any documents establishing that the claims are exhausted, including a complete copy of his petition in the California Supreme Court and any decision by the California Supreme Court.  (Petitioner also may indicate that, in the event the Court still finds that the claims are unexhausted, he selects one of the options discussed above.)

      **Petitioner is cautioned that failure to respond to this Order by January 6, 2025 may result in a recommendation that the Petition be dismissed without prejudice for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A), and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

**Statute of Limitations**

      The Petition is handwritten, in red ink, is in places difficult to read, and as described above contains inaccurate and incomplete information.  Even if the Court resolves apparent conflicts in the Petitioner's favor, however, it still appears that the Petition may be untimely.  The Petition itself states that Petitioner was convicted on September 18, 2019 (Pet. 1), though since it is to Petitioner's benefit, the Court will presume for this analysis that Petitioner was not convicted until March 12, 2020.  (_See_ discussion _supra_ at 2–3.)  The Petition provides no useful information about any direct appeals or post-conviction proceedings pursued in the California Courts of Appeal or Supreme Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:24-cv-02055-DOC-MAADate: December 5, 2024

Title: *Chris M. Cone v. Corcoran State Prison Warden*

      For the purpose of this Order to Show Cause, the Court will assume the Petition was constructively filed on August 31, 2024, the earliest date found on the envelope in which the Petition was mailed to the Northern District of California (ECF No. 1-1 at 2). *See Campbell v. Henry*, 614 F.3d 1056, 1058–59 (9th Cir. 2010) ("Under the mailbox rule, a prisoner's pro se habeas petition is deemed filed when he hands it over to prison authorities for mailing to the relevant court." (citation and quotation marks omitted)); *accord* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

      District courts may consider *sua sponte* whether a state habeas petition is untimely and may dismiss a petition that is untimely on its face after providing the petitioner with an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012).

      The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on all federal habeas petitions filed by persons in custody pursuant to the judgment of a state court. *See* 28 U.S.C. § 2244(d) ("Section 2244(d)"). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A)    the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). The Court must evaluate the commencement of the limitation period on a claim-by-claim basis. *See Mardesich v. Cate*, 668 F.3d 1164, 1169–71 (9th Cir. 2012); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:24-cv-02055-DOC-MAA                                                                    Date:  December 5, 2024

Title:      *Chris M. Cone v. Corcoran State Prison Warden*

      Here, from the little information provided in the Petition and what is shown by the Riverside Superior Court's docket for Petitioner's criminal case, it appears that the AEDPA limitation period trigger is the date on which Petitioner's criminal judgment became final.  It appears that Petitioner probably was sentenced on or around March 12, 2020, after he pleaded guilty on March 3, 2020. RIVERSIDE SUPERIOR COURT PUBLIC ACCESS – CRIMINAL, https://public-access.riverside.courts.ca.gov/OpenAccess/CaseSearch.asp?CourtCode=C&RivInd=IND (search for BAF1900981) ("Case BAF1900981 - CONE, CHRIS MONROE - Actions & Minutes" section) (last visited Nov. 26, 2024).  There is no evidence to suggest that Petitioner successfully appealed his conviction or sentence.  *Id.*; *see also* Pet. 3.  Accordingly, his conviction likely became final 60 days after his sentencing, on approximately May 11, 2020.  *See* Cal. R. Ct. 8.308(a) (providing 60 days after rendition of judgment to file an appeal); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that where petitioner forgoes direct appeal, judgment becomes final when the time for seeking review in state court expires).  Thus, absent any tolling, Petitioner's deadline to file a federal habeas petition was likely around May 11, 2021, almost three and a half years before the earliest possible date on which this action could be considered to have been constructively filed.

      The limitations period is statutorily tolled while any properly filed application for post-conviction relief is pending in the state courts.  *See* 28 U.S.C. § 2244(d)(2).  Additionally, so long as the petitioner's initial state habeas petition is timely, the time between an adverse decision of a lower state court and the petitioner's timely application in a higher state court also is tolled.  *See Valdez v. Montgomery*, 918 F.3d 687, 690 (9th Cir. 2019).  Here, however, Petitioner has provided no information to suggest that he ever properly filed any state habeas petition.  Nor has the Court been able to find any in any independent search.  Thus, there is no information currently before the Court to show that Petitioner might be entitled to statutory tolling.

      In addition to statutory tolling, the limitations period also may be subject to equitable tolling. Equitable tolling is appropriate if a petitioner can demonstrate (1) he has diligently pursued his rights up to the time of filing his claim in federal court and (2) some extraordinary circumstance prevented him from making a timely filing despite his reasonable diligence.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Smith v. Davis*, 953 F.3d 582, 598–600 (9th Cir. 2020) (en banc). Equitable tolling is applied sparingly, and the threshold to trigger such tolling is high.  *See, e.g.*, *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).  Here, Petitioner has not alleged any facts in the Petition indicating that he may be entitled to equitable tolling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:24-cv-02055-DOC-MAA                                          Date:  December 5, 2024

Title:     _Chris M. Cone v. Corcoran State Prison Warden_

      Finally, in rare and extraordinary cases, a convincing showing of actual innocence may serve as a gateway through which a petitioner may pass to overcome the statute of limitations.  _See McQuiggin v. Perkins_, 569 U.S. 383, 386 (2013).  The standard for a claim of actual innocence is demanding:  a petitioner must "persuade[] the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  _Id._ (quoting _Schlup v. Delo_, 513 U.S. 298, 329 (1995)).  To bring a tenable claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  _Schlup_, 513 U.S. at 324.  The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not," and "makes a probabilistic determination about what reasonable, properly instructed jurors would do."  _Lee v. Lampert_, 653 F.3d 929, 938 (9th Cir. 2011) (alteration in original) (citations and quotation marks omitted).  Unexplained or unjustified delay in presenting new evidence is "a factor in determining whether actual innocence has been reliably shown."  _Perkins_, 569 U.S. at 387.  Here, the Petition does not identify any such new evidence, let alone provide evidence that casts serious doubt about the conviction and that would permit the Court to consider Petitioner's otherwise time-barred claim.

      However, before the Court makes a recommendation to the District Judge regarding this issue, the Court will afford Petitioner an opportunity to respond.  Petitioner is **ORDERED** to show cause in writing by no later than **January 6, 2025** why this Court should not recommend dismissal of this action as untimely.

      Petitioner may satisfy this Order to Show Cause by filing a written response either (1) providing additional facts to show that his conviction became final, and thus the AEDPA limitations period began to run, later than what currently appears to have been the case, (2) conceding that the action is untimely, or (3) setting forth additional facts that would meet his burden to show (a) he is entitled to statutory tolling, (b) he is entitled to equitable tolling, or (c) new reliable evidence supports an allegation that he is actually innocent.  _See, e.g._, _Banjo v. Ayers_, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was [statutorily] tolled."); _Lawrence v. Florida_, 549 U.S. 327, 336 (2007) (acknowledging that the petitioner bears the burden of proving equitable tolling is appropriate); _Lee_, 653 F.3d at 938 (acknowledging that the petitioner bears the burden to show actual innocence).  After the Court receives Petitioner's response, the Court may prepare a Report and Recommendation of dismissal for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:24-cv-02055-DOC-MAA                                             Date:  December 5, 2024

Title:      *Chris M. Cone v. Corcoran State Prison Warden*

submission to the District Judge.  This Order to Show Cause is not dispositive of Petitioner's claim for habeas relief.

Instead of filing a response to the Order to Show Cause, Petitioner may request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a).  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

**Petitioner is cautioned that failure to respond to this Order to Show Cause by January 6, 2025 may result in a recommendation that the Petition be dismissed for untimeliness pursuant to 28 U.S.C. § 2244(d)(1), and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

* * *

This Order is non-dispositive.  However, if Petitioner believes this order erroneously disposes of any of his claims or precludes any relief sought, he may file objections with the district judge within twenty (20) days after the date of the Order.  *See Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015); Fed. R. Civ. P. 72.

It is so ordered.

Attachment
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))